Christian J.
delivered the opinion of the court.
The only question we have to determine in this case is, what is the true construction of that clause of 110th section of the act approved April 30th 1874, relating to sample merchants license, which contains the following provision : “Such license thus obtained, shall be a personal privilege, and shall not be transferable, nor any abatement in the tax thereon allowed.” Sess. Acts 1874, p. 18.
The plaintiff in error was indicted in the Hustings court of the city of [Richmond, and the indictment charged that he “ did unlawfully sell and offer to sell, goods wares and merchandise by sample, card, description and other representation, without having a license according to law so to do.” The jury found a special *989 verdict—That the defendant John H. Myerdock sold, or offered to sell, certain goods, wares and merchandize, in the city of Richmond, by sample, to one Henry Wenzel, in the month of November 1874; and at that time the said defendant had a license taken out by him in the name of Wm. H. Horseman & Sons, of Philadelphia; for which license he had paid on behalf of said firm, the sum of $100, as required by law; and that said license was regularly issued by the commissioner of the revenue for the city of Norfolk, and was duly attested according to law, and issued on the 31st day of August 1874; and was in full force until the 30th day of April 1875. And that said defendant at the time when he offered said goods for sale by sample, was the duly accredited agent of said Wm. H. Horseman & Sons, who had given him a power of attorney, in the words and figures following to wit:
And then follows the power of attorney in due form and duly acknowledged and certified, which after reciting the license issued to them by the commissioner of the revenue for the city of Norfolk, to sell merchandize by sample, in the state of Virginia, constitutes and appoints the plaintiff in error their agent -to sell for them under said license, goods, wares and merchandize by sample in the state of Virginia.
Hpon this special verdict finding these facts, the Hustings court adjudged the plaintiff in error guilty, and assessed his fine at the sum of two hundred dollars; and directed that he he confined in jail until said fine and the costs of prosecution he paid; such confinement not to exceed six months.
To this judgment a writ of error was awarded by one of the judges of this court.
The court is of opinion, that the judgment of said Hustings court is erroneous. According to the true *990 construction of the act of assembly above quoted, and under which the plaintiff in error was indicted, it is clear that he was not guilty of any violation of law. qpe aC£ declares (sec. 110) that any person who shall sell or offer to sell any description of goods, wares or merchandize, by sample, card, description or other representation, shall be deemed to be a sample merchant; and requires, under the penalty of a fine of $200, that he shall obtain a license therefor; for which license he is to pay the specific tax of $100. Horseman & Sons, as found by the special verdict, did obtain a license as sample merchants, and paid the specific tax. The plaintiff in error was their agent, and was selling, by sample for their benefit, and not for his own. When the statute declares that such license “ shall be a personal privilege,” it does not mean, that the party obtaining such license shall be required to sell in person and not by another: it only means to declare, that such license shall be used for the benefit of the party to whom it is issued. He cannot transfer it to another; nor can any other person sell under it: but certainly there is no inhibition in the statute, against sample merchants operating through agents. A sale by an agent is a sale by himself. If he has a license as a sample merchant, he may sell either by himself or by his agent, like any other merchant. This construction is made the plainer by the words which follow the clause—“shall be a personal privilege.” “Such license thus obtained, shall be a personal privilege, and shall not be transferable, nor any abatement in the tax allowed:” that is to say, such license shall be used for the benefit of the person to whom it is issued, and shall not be transferred to another.
Myerdock, the plaintiff in error, was the duly authorized agent of Horseman & Sons. The latter were *991 duly licensed as sample merchants. They had a right to sell either by themselves or their agent; and Myerdock selling for the persons to whom the license was issued, and not for his own benefit, ,was guilty of no violation of the statute; and upon the facts found by the special verdict, ought to have been discharged. The judgment of the said Hustings court must therefore he reversed.
The judgment was as follows: •
The court is of opinion, for reasons stated in writing ■and filed with the record, that the judgment of the said Hustings court is erroneous. And this court being of opinion, that upon the special verdict found by the jury, the plaintiff in error was guilty of no violation of law; and proceeding to enter upon said verdict such judgment as the said Hustings court ought to have entered, it is therefore adjudged and ordered that the said plaintiff in error he forever discharged from said prosecution; which is ordered to be certified to said Hustings Court of the city of Richmond.
Judgment reversed.